EDMUNDS, Justice.
Defendant John Edward Brewington’s conviction for possession of cocaine was reversed by the Court of Appeals on the grounds that his right to confront the witnesses against him, guaranteed by the Sixth Amendment to the Constitution of the United States, was violated. Because we conclude that defendant’s confrontation rights were adequately preserved, we reverse.
At about 10:15 p.m. on 18 January 2008, Goldsboro Police Officer James Serlick observed defendant riding a bicycle on Potley Street. *30 None of the lights or reflectors legally required for riding after dark were on the bicycle, so the officer stopped defendant and asked for identification. When the officer further asked defendant if he was carrying either drugs or a weapon, defendant gave Officer Serlick consent to search his person. During the ensuing pat-down, the officer touched something that “felt like a rock” on the inside of defendant’s left leg. Officer Serlick pulled defendant’s sock down and a napkin fell out. The officer opened the napkin and saw “an offwhite rock-like substance” that he believed to be cocaine. Officer Serlick seized the substance, then arrested defendant and transported him to the magistrate’s office. Defendant was indicted for possession of cocaine, in violation of N.C.G.S. § 90-95(a)(3).
At defendant’s trial, the State presented evidence to establish chain of custody of the seized substance. Officer Serlick testified that he placed the rock-like substance in a plastic bag, initialed it, added such routine information as the case number, defendant’s name, the item number, and the date and time the item was recovered, and then secured the plastic bag in an evidence locker. The material subsequently was transported to the North Carolina State Bureau of Investigation (SBI) laboratory, where it was analyzed by Assistant Supervisor in Charge Nancy Gregory. However, at trial, evidence of the identity of the material found in defendant’s sock was presented through the testimony of SBI Special Agent Kathleen Schell.
Before Agent Schell reached the crux of her testimony as to the chemical analysis of the substance, defense counsel objected and moved to exclude her testimony on the grounds that Agent Schell “did-n’t actually do the analysis in the case,” and, as a result, defendant was “not able to cross-examine this person .... because her opinion is not going to be based on an actual test done to the item of evidence . . . , her opinion is going to be based solely on what some other person did and wrote down in a report.” The trial court allowed an extensive voir dire of Agent Schell, then denied defendant’s motion.
Continuing her testimony before the jury, Agent Schell described how an item submitted to the SBI laboratory is given a unique identification number and how the progress of such an item is tracked. She identified Agent Nancy Gregory as her supervisor and described Agent Gregory’s training and experience. Agent Schell then reported how preliminary color tests are performed on a substance, followed by more specific tests tailored to the results of the color tests. She advised that the chemist who does the testing prepares a report and that the data and resulting report are reviewed by another SBI *31 chemist, adding that her own duties include conducting such reviews. The record indicates that Agent Gregory’s laboratory report was not admitted into evidence. Agent Schell’s direct testimony concluded with the prosecutor asking whether she had formed an opinion, based upon her review of the results of Agent Gregory’s testing, as to the identity of the substance. Defendant again objected but his objection was overruled. Agent Schell testified that, in her opinion, the substance was cocaine base. Defendant thereafter cross-examined Agent Schell carefully and extensively, leaving no doubt that Agent Schell did not personally perform or observe any of the tests she relied on in forming her opinion.
On appeal, defendant argued that his rights secured under the Confrontation Clause of the Sixth Amendment were violated when the trial court permitted Agent Schell to testify that the substance found on defendant was cocaine based solely on Agent Gregory’s notes and lab report. Relying heavily on the Supreme Court of the United States’ decision in Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009), the Court of Appeals found that the admission of Agent Schell’s testimony constituted “an expert utilizing data collected by another person to form an independent opinion,” State v. Brewington, 204 N.C. App. 68, 77, 693 S.E.2d 182, 188 (2010), and determined that admission of the testimony violated the Confrontation Clause, id. at 82-83, 693 S.E.2d at 191-92.
The Court of Appeals noted that Agent Schell testified that she “ ‘would have come to the same conclusion that [Agent Gregory] did,’ ” but only “if Agent Gregory followed procedures” and “if [she] did not make any mistakes.” Id. at 80, 693 S.E.2d at 190. The court continued that “it is precisely these ‘ifs’ that need to be explored upon cross-examination to test the reliability of the evidence” and concluded that permitting Agent Schell to testily about the composition of the substance tested, and to identify it as cocaine, was error. Id. The Court of Appeals further found that no other concrete evidence identified the substance as cocaine and concluded that the admission of Agent Schell’s testimony was not harmless error. Accordingly, the Court of Appeals ordered a new trial. Id. at 82-83, 693 S.E.2d at 192.
We allowed the State’s petition for discretionary review and now reverse the holding of the Court of Appeals. This Court has recently considered the scope of protections provided by the Confrontation Clause of the Sixth Amendment in State v. Ortiz-Zape,_N.C._, _S.E.2d_(2013) (329PA11). In Ortiz-Zape, after conducting an exhaustive review of current Confrontation Clause jurisprudence, we *32 determined that “when an expert gives an opinion, the opinion is the substantive evidence and the expert is the witness whom the defendant has the right to confront.” Id. at__,_S.E.2d at_. In addition, we stated that “admission of an expert’s independent opinion based on otherwise inadmissible facts or data ‘of a type reasonably relied upon by experts in the particular field’ does not violate the Confrontation Clause so long as the defendant has the opportunity to cross-examine the expert.” Id. at_,_S.E.2d at_. Here, Agent Gregory’s lab notes were not admitted into evidence. Instead, as in Ortiz-Zape, Agent Schell presented an independent opinion formed as a result of her own analysis, not mere surrogate testimony. See Id. at_, __S.E.2d at_. Defendant was able to conduct a vigorous and searching cross-examination that exposed the basis of, and any weaknesses in, Agent Schell’s opinion. Accordingly, we conclude that defendant’s Confrontation Clause rights were not violated.
The decision of the Court of Appeals is reversed.
REVERSED.